UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES WAYNE ZORNES,<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF CORRECTIONS, OAK PARK HEIGHTS FACILITY, Sgt. TOM FOWLER, Lt. DANNY KRUSE, TAMMY WHERELY, and OFFICERS UNIT 4,<br><br>    Defendants. | Civil No. 13-675 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that Plaintiff is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case,

Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $3.00.

By order dated March 29, 2013, (Docket No. 7), Plaintiff was instructed to pay his initial partial filing fee of $3.00 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline for paying the initial partial filing fee in this case has now passed, and Plaintiff has not tendered any fee payment, nor has he offered any excuse for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he commenced this action. Therefore, in accordance with the Court's prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's anomalous motion entitled "File For Stop Of Discrimination," (Docket No. 3), be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's Motion entitled "File For Stop Of Discrimination," (Docket No. 3), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 26, 2013

                                               s/ *Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 13, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.